IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

OSCAR GONZALEZ,

        Petitioner,                      No. 2:10-cv-0228-WBS-JFM (HC)

    vs.

MICHAEL MARTEL, Warden,
et al.,

        Respondents.                FINDINGS AND RECOMMENDATIONS
_____/

        Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a 2008 decision of the California Board of Parole Hearings (Board) to deny him a parole date. This matter is before the court on respondents' motion to dismiss this action as barred by the statute of limitations.

        Section 2244(d) of Title 28 of the United States Court contains a statute of limitations for filing a habeas petition in federal court:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

      (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2) The time during which a properly filed application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244. Where, as here, the petitioner challenges an administrative decision to deny parole, the limitation period is governed by the provisions of 28 U.S.C. § 2244(d)(1)(D). See Redd v. McGrath, 343 F.3d 1077 (9th Cir. 2003). The following facts are relevant to the statute of limitations analysis.

    1. In 1982, petitioner was sentenced to twenty-five years to life in prison following his conviction for first degree murder.

    2. On January 29, 2008, petitioner appeared before the Board for his fifth parole consideration hearing. At the hearing, the Board found petitioner unsuitable for parole and set his next parole consideration hearing in three years.

    3. Pursuant to state regulation, the Board's proposed decision became final not later than May 28, 2008.

    4. On August 20, 2008, petitioner signed and dated a petition for writ of habeas corpus to the San Joaquin County Superior Court. The petition was file-stamped in that court on September 10, 2008 and denied on November 17, 2008.

    4. On December 16, 2008, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal for the Third Appellate District. The petition was denied on December 30, 2008.

/////

1          5. On February 3, 2009, petitioner filed a petition for writ of habeas corpus in the
2  California Supreme Court. The petition was denied by order filed July 8, 2009.
3          6. On January 26, 2010, petitioner signed and dated the petition filed in the
4  instant action.
5          As noted above, the limitation period for petitioner's challenge to the denial of
6  parole is governed by the provisions of 28 U.S.C. § 2244(d)(1)(D). See Redd v. McGrath, 343
7  F.3d 1077 (9th Cir. 2003). That section provides that the statute of limitations begins to run on
8  "the date on which the factual predicate of the claim or claims presented could have been
9  discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Respondent
10  contends that the date on which petitioner discovered the factual predicate of his claims was
11  January 29, 2008, the date the Board announced the proposed decision.[1] Petitioner contends that
12  the operative date for purposes of the statute of limitations is May 28, 2008, when the parole
13  denial became final by operation of state regulation. See 15 Cal. Code Regs. §§ 2041(h), 2043
14  (proposed decision of Board for prisoner serving sentence of life with possibility of parole
15  becomes final within 120 days of hearing).
16          In Redd, the United States Court of Appeals for the Ninth Circuit held that the
17  "'factual predicate'" of the petitioner's claim challenging the denial of parole, "and thus the
18  triggering event for the limitations period," was the date the Board denied the petitioner's
19  administrative appeal challenging the determination that he was unsuitable for parole. Redd at
20  1082. The court of appeals characterized its decision as "[t]ying the limitations period to the date
21  a parole board's decision becomes final," id. at 1084, and noted that three other circuits "have
22  also held that for prisoners challenging administrative decisions such as the denial of parole or
23  the revocation of good time credits, AEDPA's statute of limitations begins running under §
24  2244(d)(1)(D) on the date the administrative decision becomes final." Id. (citations omitted).

---

[1] Under applicable state regulations, the decision announced by the Board on January 29, 2008 was a proposed decision. See 15 Cal. Code Regs. § 2041(a).

3

As respondents note in their reply brief, California no longer provides for administrative appeals from Board determinations of unsuitability for parole, and the court of appeals in Redd declined to consider whether the factual predicate of such a claim might run from the initial determination of unsuitability. Respondent's Reply to Petitioner Opposition to Motion to Dismiss, filed May 4, 2010, at 2 n.1. As noted above, pursuant to applicable state regulations, the Board's initial determination is a proposed decision that, if unchanged, becomes final within 120 days of the hearing. The majority of district courts in California to consider the issue under the new regulatory scheme have held that the factual predicate of claim challenging the denial of parole is discovered the day the proposed decision becomes final. See Baker v. Kramer, No. 2:08-cv-0311 FCD DAD (HC), 2010 WL 1027537, at *3 (E.D. Cal. Mar. 18, 2010), and cases cited therein.

Given the Redd court's decision that the triggering event for purposes of the limitations period is the date the administrative decision becomes final, as well as the weight of subsequent district court cases, this court finds that the statute of limitations began to run on petitioner's claim on or about May 28, 2008, when the Board's proposed decision became final. Eighty-four days of the limitation period ran before petitioner filed his first state court challenge to the 2008 denial of parole.[2] The limitation period was tolled from August 20, 2008 until July 8, 2009, when the California Supreme Court denied the petition for writ of habeas corpus filed in that court. See Nino v. Galaza, 183 F.3d 1003 (9th Cir. 1999). The instant petition was filed approximately 201 days later, on January 26, 2010[3], well before the one year statute of limitations expired. Accordingly, this action was timely filed and respondents' motion to dismiss should be denied.

---

[2] Although it does not affect the outcome of the instant motion, the court treats the date on which petitioner signed and dated his state superior court petition as the date on which the petition was filed. See Houston v. Lack, 487 U.S. 266 (1988).

[3] The court uses the date on which petitioner signed and dated his federal petition as the filing date. See footnote 2, supra.

4

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Respondents' April 8, 2010 motion to dismiss be denied;

2. Respondents be directed to answer the petition within thirty days from the date of any order adopting these findings and recommendations and shall include with the answer any and all transcripts or other documents relevant to the determination of the issues presented in the application that are not already part of the record; and

3. Petitioner's traverse, if any, be due on or before thirty days from the date respondents' answer is filed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 13, 2010.

UNITED STATES MAGISTRATE JUDGE

12
gonz0228.mtd