IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

OSCAR GONZALEZ,

        Petitioner,               No. 2:10-cv-0228 WBS JFM (HC)

   vs.

BOARD OF PAROLE HEARINGS,
et al.,

        Respondents.          FINDINGS AND RECOMMENDATIONS

_____/

       Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner claims that his federal constitutional right to due process was violated by a 2008 decision of the California Board of Parole Hearings to deny him a parole date.

FACTUAL AND PROCEDURAL BACKGROUND

       In 1982, petitioner was convicted of first degree murder and sentenced to twenty-five years to life in prison. See Petition for Writ of Habeas Corpus (hereafter Form Petition), filed January 28, 2010, at 1. On January 29, 2008, petitioner appeared before the Board for a fourth subsequent parole consideration hearing. See Petition for Writ of Habeas Corpus appended to Form Petition, at 2. Petitioner appeared at and participated in the hearing. See Attachment A to Petition. Following deliberations held at the conclusion of the hearing, the

1

1  Board announced their decision to deny petitioner parole and the reasons for that decision.  Id. at

2  77-85.

3                                                    ANALYSIS

4  I.  Standards for a Writ of Habeas Corpus

5            Federal habeas corpus relief is not available for any claim decided on the merits in

6  state court proceedings unless the state court's adjudication of the claim:

7            (1) resulted in a decision that was contrary to, or involved an
              unreasonable application of, clearly established Federal law, as
8            determined by the Supreme Court of the United States; or

9            (2) resulted in a decision that was based on an unreasonable
              determination of the facts in light of the evidence presented in the
10           State court proceeding.

11  28 U.S.C. § 2254(d).

12           Under section 2254(d)(1), a state court decision is "contrary to" clearly

13  established United States Supreme Court precedents if it applies a rule that contradicts the

14  governing law set forth in Supreme Court cases, or if it confronts a set of facts that are materially

15  indistinguishable from a decision of the  Supreme Court and nevertheless arrives at different

16  result.  Early v. Packer, 537 U.S. 3, 7 (2002) (citing Williams v. Taylor, 529 U.S. 362, 405-406

17  (2000)).

18           Under the  "unreasonable application" clause of section 2254(d)(1), a federal

19  habeas court may grant the writ if the state court identifies the correct governing legal principle

20  from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the

21  prisoner's case.  Williams, 529 U.S. at 413.  A federal habeas court "may not issue the writ

22  simply because that court concludes in its independent judgment that the relevant state-court

23  decision applied clearly established federal law erroneously or incorrectly.  Rather, that

24  application must also be unreasonable."  Id. at 412; see also Lockyer v. Andrade, 538 U.S. 63, 75

25  (2003) (it is "not enough that a federal habeas court, in its independent review of the legal

26  /////

1  question, is left with a 'firm conviction' that the state court was 'erroneous.'") (internal citations
2  omitted).

3         The court looks to the last reasoned state court decision as the basis for the state
4  court judgment.  Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002).  Where the state court
5  reaches a decision on the merits but provides no reasoning to support its conclusion, a federal
6  habeas court independently reviews the record to determine whether habeas corpus relief is
7  available under section 2254(d).  Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000).

8  II.  Petitioner's Claim

9         As noted above, petitioner claims that the denial of parole violated his federal
10  constitutional right to due process of law.  The Due Process Clause of the Fourteenth
11  Amendment prohibits state action that deprives a person of life, liberty, or property without due
12  process of law.  A litigant alleging a due process violation must first demonstrate that he was
13  deprived of a liberty or property interest protected by the Due Process Clause and then show that
14  the procedures attendant upon the deprivation were not constitutionally sufficient.  Kentucky
15  Dep't of Corrections v. Thompson, 490 U.S. 454, 459-60 (1989).

16         A protected liberty interest may arise from either the Due Process Clause of the
17  United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an
18  expectation or interest created by state laws or policies."  Wilkinson v. Austin,  545 U.S. 209,
19  221 (2005) (citations omitted).  See also Board of Pardons v. Allen, 482 U.S. 369, 373 (1987).
20  The United States Constitution does not, of its own force, create a protected liberty interest in a
21  parole date, even one that has been set.  Jago v. Van Curen, 454 U.S. 14, 17-21 (1981);
22  Greenholtz v. Inmates of Neb. Penal, 442 U.S. 1, 7 (1979) (There is "no constitutional or
23  inherent right of a convicted person to be conditionally released before the expiration of a valid
24  sentence.").  However, "a state's statutory scheme, if it uses mandatory language, 'creates a
25  presumption that parole release will be granted' when or unless certain designated findings are
26  /////

3

1   made, and thereby gives rise to a constitutional liberty interest." <u>Greenholtz</u>, 442 U.S. at 12.  <u>See</u>

2   <u>also</u> <u>Allen</u>, 482 U.S. at 376-78.

3            California's parole statutes give rise to a liberty interest in parole protected by the

4   federal due process clause.  <u>Swarthout v. Cooke</u>, 562 U.S. ___ (2011), No. 10-333, 2011 WL

5   197627, at *2 (Jan. 24, 2011).  In California, a prisoner is entitled to release on parole unless

6   there is "some evidence" of his or her current dangerousness.  <u>In re Lawrence</u>, 44 Cal.4th 1181,

7   1205-06, 1210 (2008); <u>In re Rosenkrantz</u>, 29 Cal.4th 616, 651-53 (2002).  However, in

8   <u>Swarthout</u> the United States Supreme Court held that "[n]o opinion of [theirs] supports

9   converting California's 'some evidence' rule into a substantive federal requirement." <u>Swarthout</u>,

10  2011 WL 197627, at *3.   Rather, the protection afforded by the federal due process clause to

11  California parole decisions consists solely of  the "minimal" procedural requirements set forth in

12  <u>Greenholtz</u>, specifically "an opportunity to be heard and . . . a statement of the reasons why

13  parole was denied." <u>Id</u>. at *2-3.

14           Here, the record reflects that petitioner was present at the 2008 parole hearing,

15  that he participated in the hearing, and that he was provided with the reasons for the Board's

16  decision to deny parole.  According to the United States Supreme Court, the federal due process

17  clause requires no more.  Accordingly, petitioner's application for a writ of habeas corpus should

18  be denied.

19           Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United

20  States District Courts, "[t]he district court must issue or a deny a certificate of appealability when

21  it enters a final order adverse to the applicant."  Rule 11, 28 U.S.C. foll. § 2254.  A certificate of

22  appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial

23  showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The court must either

24  issue a certificate of appealability indicating which issues satisfy the required showing or must

25  state the reasons why such a certificate should not issue. Fed. R. App. P. 22(b).  For the reasons

26  /////

1   set forth in these findings and recommendations, petitioner has not made a substantial showing of

2   the denial of a constitutional right.  Accordingly, no certificate of appealability should issue.

3          For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

4          1.  Petitioner's application for a writ of habeas corpus be denied; and

5          2.  The district court decline to issue a certificate of appealability.

6          These findings and recommendations are submitted to the United States District

7   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

8   days after being served with these findings and recommendations, any party may file written

9   objections with the court and serve a copy on all parties.  Such a document should be captioned

10  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

11  objections shall be filed and served within fourteen days after service of the objections.  The

12  parties are advised that failure to file objections within the specified time may waive the right to

13  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

14  DATED: January 27, 2011.

15

16                                  _____

17                             UNITED STATES MAGISTRATE JUDGE

18  12

19  gonz0228.157

20

21

22

23

24

25

26